C. H. MORRISON *v.* H. F. WIMBERLY.

After the purchaser has been put *in mora* for the non-payment of the price, his offer to execute his engagement comes too late.

But where there is no danger that the seller may lose the price and the thing itself, in an action of rescission, the Judge may grant to the buyer a longer or shorter time, according to circumstances, provided such time exceed not six months.

APPEAL from the District Court of the Parish of Ouachita, *Richardson, J.* *Morrison & Purvis,* for plaintiff and appellant.   *J. T. Ludeling,* for defendant.

VOORHIES, J.   On the 10th day of October, A. D. 1857, *C. H. Morrison* conveyed to the defendant, *H. F. Wimberly,* a tract of land for the sum of seven hundred and twenty dollars, payable in two equal annual installments falling due on the first day of March, 1858 and 1859.   Two notes were accordingly furnished by the vendee.

Suit was instituted by the vendor on the 11th day of October, 1858, to cancel this contract of sale, on the ground alleged, that the vendee, notwithstanding amicable demand, had failed to comply with his obligation to pay the first note, which had matured several months past.   This party filed an exception to the plaintiff's demand, on the ground that the latter had not placed him *in mora,* which exception was sustained by the District Court, dismissing the plaintiff's demand.

No appeal was taken from this decree ; but the plaintiff proceeded to put the defendant in default, and brought the present action, which is substantially the same as the previous action.

After the institution of this suit, the defendant offered to the plaintiff to make him a tender of payment in gold pieces ; but the latter declined receiving the money.

Giving full effect to the tender made by the defendant, the case is with the plaintiff.   " After the debtor has been put *in mora,* his offer to execute his engagement comes too late, and cannot be listened to.   6 Toullier, No. 255."   *Moreau* v. *Chauvin et al.,* 8 R. 161.

Toullier says : " S'il ne paye pas à l'instant, la résolution est irrévocablement acquise au vendeur, sans que l'acquéreur puisse purger la demeure par des offres tardives postérieures au demandement.   La sommation a le même effet que le protêt, qui n'est pas autre chose que la sommation destinée à constater le défaut de paiement d'un billet."   C. C. 1907 ; *Stephens* v. *Chamberlin,* 5 An. 656.   But there is provision made by the Civil Code on the subject of the dissolution of sales of immovables, to the effect that this remedy is summarily granted, " when there is danger that the seller may lose the price and the thing itself.   If that danger does not exist, the Judge may grant to the buyer a longer or shorter time, according to circumstances, provided such term exceed not six months."   C. C. 2540.   The evidence justified the District Judge to exercise his discretion in allowing the defendant time to pay the price of the sale, as there was no danger of the vendor losing either the property sold or the price itself, as exhibited by the tender made by the defendant to the plaintiff on two occasions since the institution of the present action.

90

MORRISON
v.
WIMBERLY.

We are not satisfied that these tenders were made in such a manner as to throw the costs upon the plaintiff. Besides, the extension of time prayed for by the vendee would seem to preclude him from being relieved in that respect.

It is proper to state, that the delay granted by the District Judge has already expired. As the defendant appears before this court as appellee, further time should be granted to him to pay the amount due to the plaintiff.

It is, therefore, ordered and decreed, that the judgment of the District Court be amended so as to read as follows, to-wit: It is decreed, that the defendant deposit with the Clerk of the District Court, on or before the 20th day of the month of August next, the amount of capital and interest due on the notes given by him to the plaintiff for the purchase of the property in controversy; and that, in case of his failure so to do, that the plaintiff do have judgment for the cancellation of the said contract of sale.

It is further decreed, that the defendant pay the costs of both courts.

---

### SAME CASE—ON A RE-HEARING.

VOORHIES, J. The appellee was entitled to costs of appeal; it is, therefore, ordered, that our former judgment be amended in that respect, and that in all others, the same be affirmed.